Day, J.
The single question presented by this record is: Does appeal lie, under the provisions of law, from the probate court in such matter or proceeding? And the question can only be correctly answered by a proper determination of the character of the proceeding. The statutory provisions for appeal from the probate to the common pleas court, are simple and so clear and definite as to leave but little, if any, room for difference of opinion as to what matters are and are not appealable. And as in this case, the controversy is not as to the law of the case- — -as to what the provisions of law are, but rather as to the character of the proceeding itself. Is it of such character that, under the plain provisions of the statute, appeal lies?
What then was this proceeding? If it was merely to obtain the removal of an executor or administrator and the appointment of a new one, no appeal lies. In such case the statute makes no provision for appeal; and the sfippreme court has held that none lies. If, however, it was a proceeding against a person suspected of having concealed, embezzled or conveyed away property or assets of the estate of a deceased person, by the express provision of section 6407, Revised Statutes, it is appealable. If such was the character of the proceeding in question, an appeal was properly perfected,and the lower court was in error in summarily dismissing plaintiff out of court,
Counsel for defendant, with zeal and persistence, asserts it was a proceeding to procure the removal of the.administratrix, and of course not appealable, there being no provis *537 ion for appeal in such case. Counsel for plaintiff, with equal zeal and persistence, contend it was a proceeding against a person suspected of having concealed property and assets of the estate of William Westervelt deceased, and appealable of course, by the express provision of the statute. It may, with propriety, be said that both are to an extent right, from the standpoint assumed by them. A careful reading of the complaint filed by Harris discloses, that it was a proceeding to procure the removal of an administrator and the appointment of another one. It was also “a proceeding against a person suspected of concealing assets of the estate;” and, that a proceeding of such dual character was entirely legitimate and propór, there can be but little, if any, doubt. The alleged improper administratrix and concealer of assets, consisted of one and the same person; and it is the policy of the law to minimize litigation in the number of actions and proceedings that may properly be instituted and maintained; and to that end, by express provision of law, the joinder of various differing causes of action, in a single proceeding is provided. It would seem, therefore,that it could not be improper, if under the provisions of sec. 6017,Revised Statutes,a creditor desired the removal of an administrator, and also, under sec. 6053, desired to proceed against the same person for concealing assets of. the estate, to unite the two in one complaint and pray relief concerning both in the one proceeding. That is precisely what was done in this case,and we think properly.
The first complaint contained in the motion is that the administratrix is concealing property and assets of the estate, and the property is described with particularity. The second complaint is that there are differences existing between the administratrix and the creditors of which the affiant is one, as to claims of the administratrix, that are liable to lead to litigation,as ground for the removal of the administratrix. The prayer ie, for removal of the administratrix *538 and the appointment of another one; and, suoh proceeding as will add the concealed property to the inventory, as assets of the estate.
Frank G. Daugherty, for Plaintiff in Error.
Smiok & Hoge, for Defendant in Error.
The questions raised and presented by the affidavit filed, were submitted to and decided by the probate court, and final judgment entered thereon. All the propositions' involved were adjudged, and the judgment, if allowed to> stand, will constitute a bar to any. subsequent proceeding against the administratrix for the same alleged concealment of assets of the estate; so that a final judgment was entered against the plaintiff in a proceeding against a per-' son suspected of concealing assets, from which plaintiff has the right of appeal in virtue of the provisions of the statute, unless something has intervened by which the right of appeal has been taken away. Nothing has intervened- — -nothing unusual has got into the case, unless it is unusual to hear and determine two separate independent propositions in one proceeding; and it is not claimed or believed, that the-mere fact that the ‘'proceeding tgainst a person suspected of concealing assets,” was disposed of in connection, and in the same proceeding, with an ‘‘application for the removal of an administrator”, would change its character in any respecter in any way affect the matter, so as to make it nonappealable. If this is correct,the right of appeal remained unaffected, and the plaintiff in error having taken the necessary steps in time, perfected an appeal in the matter, and the lower court was in error in dismissing it.
The judgment is reversed, witn co3ts. The motion to dismiss the appeal is overruled and the cause remanded for further proceeding according to law.